DICKERSON *v.* EWIN ET AL.

[No. 15,884. Filed November 29, 1938.]

*Lockyear & Lockyear* and *R. Owen Williams,* for appellants.

*Hatfield & Hatfield* and *K. L. Richmond,* for appellees.

DUDINE, J.—This is an appeal from a judgment for defendants (appellees) in a suit for damages for personal injuries suffered by appellant.

The issues were presented by a complaint in one paragraph and an answer in general denial. The cause was submitted to a jury for trial. At the close of plaintiff's testimony, upon defendant's motion, the court instructed the jury to return a verdict for the defendants, which the jury did, and judgment was rendered upon such verdict.

There is but one error assigned on appeal and that is contended error in overruling the motion for new trial.

The only cause for new trial which is presented is contended error in giving to the jury the instruction to return a verdict for the defendants.

Appellant states many propositions of law concerning instructed verdicts generally which are well founded, but having accepted said propositions of law, we are still confronted with the question whether or not appellant failed to prove any facts which were necessary, when considered with other proven facts, to constitute the cause of action, if any, which was set up in the complaint against appellees or either of them.

It alleged among other facts that on April 24, 1935, appellant, then being a child twelve years of age, was upon the playground surrounding the Willard public

library in Evansville when a freight train was being operated by the appellee railway company and its receiver past said library upon a switch track located within one hundred feet from said playground; that said train was being operated "at a slow rate of speed and stopped and while the engine and cars were stationary a number of children including the ·plaintiff climbed on and into the cars and after said children had mounted said freight cars all within the plain sight and view of the members of the train crew in charge of said train for and on behalf of said defendants ·said train proceeded at a slow rate of speed upon ·said tracks over and upon Pennsylvania Street and upon Ohio Street. . . . That said plaintiff, after mounting one of said freight cars, took a position between two cars and upon the· coupling of said cars. . . . (That) defendant John A. Ewin (appellee) the engineer in charge of ·said train . . . negligently and carelessly operated said train so that plaintiff's right foot was caught in between said coupling causing the injuries hereinafter described. That the negligence and carelessness of said defendants and each of them consisted in each of the following acts of negligence. That said defendant John A. Ewin for and on behalf of said other defendants negligently and carelessly suddenly applied the brakes ·of the locomotive of said train and thereby caused said train of cars to suddenly jerk causing the plaintiff to thereby lose his balance and his right foot to slip in between said coupling between said cars. That said defendant John A. Ewin in charge of said train negligently and carelessly failed to give the said plaintiff any warning or notice that he was about to apply the brakes of said locomotive and thereby jerk said train. That said defendants negligently failed to give the said plaintiff any warning of his danger or perilous position between said cars."

It was stipulated by the parties that appellant was a trespasser upon the train when he was injured.

The evidence fails completely to show that any member of the train crew knew that he was on the train. The evidence shows conclusively that immediately before the accident appellee Ewin, the engineer, could not have seen appellant if he had looked back from his position in the engine cab. The evidence fails completely to show that appellee Ewin "negligently and carelessly suddenly applied the brakes"; in fact the evidence fails completely to show that the engineer *applied* the brakes immediately before the accident occurred.

Appellant contends that the "theory of appellant's cause of action is that the appellee(s) had constructive knowledge of his (·appellant's) presence upon the train in a position of peril." Our attention is directed to several allegations in the complaint, to the effect that it was the *custom* of children playing in said playground to jump on and off and ride trains in said vicinity, particularly during switching operations; "that this was done within the plain sight of the train crew and . . . without molestation or objection . . . on the part of said railway company or the employees thereof"; that this custom was "general, notorious and long continued and said defendants by and through their agents and servants and through said defendant John A. Ewin upon the day in question and for a long period theretofore by custom and invitation acquiesced in said custom, habit and practice and this custom, habit and practice was known to each of said defendants . . . and no reasonable, serious or effective effort was used to keep the children off of the engines and cars at this particular place by the employees of said defendants; . . . that plaintiff was induced to go upon the train in question

upon this occasion by the unrestrained liberty of many other children."

With reference to appellant's said contention as to the theory of the complaint, that it is based on such custom—we deem it expedient to note that the allegation in the complaint that appellant mounted the car "within plain sight and view of the members of the train crew," is inconsistent with such a theory.

Complaints must be construed upon a single definite theory if that can be done. Causes can not proceed upon a construction of a single paragraph of complaint which recognizes more than one theory of a cause of action as being alleged.

The complaint was not attacked by a motion to make more specific or a motion to separate causes of action, and it was not challenged by demurrer. The record does not show whether or not the trial court adopted the theory contended for by appellant; but assuming that the trial court did adopt such theory and assuming further, *but not conceding,* that the complaint stated a cause of action upon such theory, we still hold that the evidence did not establish a prima facie cause of action upon such theory.

There is evidence in the record which shows that children did ride freight trains during switching operations in the vicinity of the Willard Library in plain view of the train crew and without objection by the members of the crew at about the time appellant was injured. Assuming, *but not conceding,* that there is sufficient evidence in the record to sustain a finding that it was the custom of children to do that without objection by the train crew, we must nevertheless hold that no prima facie case was established because the evidence shows conclusively that before appellant got on the car he looked to see whether any member of the train crew was watching him, that he knew no

one was watching him, and that he got on *because no one was looking*. The evidence conclusively shows that appellant did *not* get on the train because of such custom, but that he got on after assuring himself he was not being seen by any member of the train crew. It conclusively shows that he realized that the train crew did not want him to ride the train.

Appellant was twelve years of age. There is no evidence in the record which shows that he was *non sui juris* insofar as his ability to appreciate the danger of riding the trains was concerned.

Appellant cites *Cleve., etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 108 N. E. 375, in support of the contention that appellees were burdened with constructive knowledge of appellant's presence on the train. That case is helpful in determining this case but it is not controlling here.

In that case the court set out general rules relating to the duty of the owner of premises to trespassers and licensees, and admitted that there are exceptions to the rules. The court said further (p. 395) :

"Our investigation of this question leads us to conclude that much of the apparent confusion in the exceptional cases in different jurisdictions has arisen from an effort to put the injured party in the particular case in one or the other of said relations to the owner of the premises and in then applying the general rule applicable to such relation, when in fact such particular relationship was not necessarily important; but rather the true and ultimate test of actionable negligence in each case should have been, Did the owner of the premises under the particular circumstances of the case involved owe *any duty* to the party injured on his premises and, if so, was such duty violated and did such violation result in the injury complained of?"

The court in applying said question to the case before it said (p. 402) :

> "Whether such a duty existed in this, or in any case, is a question of law for the court, while the question whether such duty was properly performed is a question of fact for the jury."

This court concluded that such duty did exist in the case before it, and that the evidence was sufficient to sustain a finding that the duty was not properly performed.

The facts of that case are materially different from the facts of the instant case. The injured party in that case was clearly *non sui juris;* in this case the injured party, insofar as the evidence shows, was clearly *sui juris.* The circumstances under which the injury occurred in that case are materially different from the situation in this case.

Applying the test announced and applied in said case to the instant case, to wit, whether or not *under the particular circumstances* of the instant case appellees owed any duty to appellant, and if so, was such duty violated and did such violation result in the injury complained of, we conclude that appellees did *not* owe appellant any duty.

It is our opinion that appellant was a trespasser in law and in fact. Assuming, but not conceding, that appellees were burdened with constructive knowledge of his presence on the train, appellees owed him no duty except to refrain from wilfully injuring him after they became so burdened with such constructive knowledge. (See list of cases cited in *Cleve., etc., R. Co.* v. *Means, supra,* p. 392.)

No reversible error having been shown, the judgment is affirmed.

Stevenson and Laymon, J. J., concur in result.